UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:12CR5-RS

TROY ANTHONY COLEMAN,

    Defendant.
_____/

# DEFENDANT'S SENTENCING MEMORANDUM
# AND MOTION FOR DOWNWARD DEPARTURE OR VARIANCE

    The Defendant, TROY ANTHONY COLEMAN (Coleman), through undersigned counsel, submits this sentencing memorandum submits this Sentence Memorandum for purposes of assisting the Court in fashioning a sentence under 18 U.S.C. § 3553(a) that is "sufficient but not greater than necessary to comply with the purposes" of § 3553.

    Coleman is at offense level 29 and criminal history category VI, which yields a guidelines range of 151-188 months. However, according to the Presentence Investigation Report (PIR) [doc. 408], certain minimum mandatory statutes and other enhancements increase that range to a maximum of 300 months. PIR, p.35, ¶ 163.

    However, because of the Defendant's very young age (22 at the beginning of the conspiracy, still 23 upon his arrest, because his part in the conspiracy was relatively small and late, and because Coleman not only accepted responsibility and cooperated with the

Government, but also rendered substantial assistance for which the Government in its sole discretion has seen fit to file a Rule 5K1.1 motion for reduction of sentence, along with other reasons discussed below, this memorandum urges a sentence reduced at least to the bottom of the unenhanced guidelines range, if not lower.

## LAW

United States v. Booker, 125 S. Ct. 738 (2005) held that the Sentencing Guidelines are not mandatory, but advisory only, one of a set of factors the trial courts may consider in fashioning an appropriate sentence under 18 U.S.C. § 3553.

The mandate of 18 U.S.C. § 3553(a) is, as this Court knows, to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in paragraph 2 of the statute. In United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006), our Court summarized the factors that must be considered:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant. [18 U.S.C. § 3553(a)(1)];
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. [18 U.S.C. § 3553(a)(2)];
> (3) the kinds of sentences available. [18 U.S.C. § 3553(a)(3)];

(4) the kinds of sentence and the sentencing range established [by the Guidelines]. [18 U.S.C. § 3553(a)(4)];

(5) any pertinent [Sentencing Commission] policy statement. [18 U.S.C. § 3553(a)(5)];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. [18 U.S.C. § 3553(a)(6)]; and

(7) the need to provide restitution to any victims of the offense. [18 U.S.C. § 3553(a)(7)].

## APPLICATION OF THE FACTORS

**Nature and Circumstances of the Offense**

Coleman was not a major player in this conspiracy. The case involves a substantial drug operation out of Mexico and Texas, through Mississippi, with North Florida being merely one branch ending. Coleman was not even mentioned in the original complaint (February 14, 2012) and indictment (March 6, 2012), but was added in a superseding indictment on April 19, 2012, apparently as the result of information received mostly from Freddie Knowles, the acknowledged head of the conspiracy in North Florida. Indeed, the Government has referred to this enterprise as the Knowles drug trafficking organization. Coleman was merely one of Knowles' many buyers, although the evidence is clear that he purchased for the purpose of re-sale. However,

there is no evidence Coleman was a leader or made significant decisions for the conspiracy.

**History and Characteristics of the Defendant**

Coleman accepted responsibility and cooperated with the Government in this litigation. The PIR notes as much and accords him the two-level reduction for acceptance of responsibility under USSG §3E1.1(a), and a one-level reduction under USSG §3E1.1(b). In addition, as more fully discussed below, Coleman has received, solely at the Government's discretion, a substantial assistance motion under USSC §5K1.1. Further, as noted in the PIR, p. 19, ¶ 87, "the defendant, through his father, voluntarily forfeited all property and currency to law enforcement."

The Defendant was a very young man at the time of these events. He was but 22 years of age when the conspiracy began, still 23 years of age upon his arrest on May 2, 2012. He is, we believe, the youngest co-Defendant.[1] Coleman is a life-long resident of Bay County, educated in local schools, who received a high school diploma from A.D. Harris School in 2007, and attended college classes at Gulf Coast State College for two years after his release from the State of Florida's Youthful Offender Boot Camp program. Although he has relapsed in terms of offending, he has also shown an ability to act responsibly and improve his life situation.

---

[1] Although the Guidelines, now advisory, do not favor downward departures based upon mere consideration of age, it is a factor that the sentencing court may consider in light of its responsibilities under the statute.

Arguably, the Defendant's criminal history category (VI) over-represents his activity. A close reading of his criminal history shows principally drug offenses in small amounts, and the offenses are grouped around a relatively small number of sentencing dates. Indeed, most of the offenses which were not dismissed or reduced to misdemeanors are grouped around two cases: the state proceedings that were resolved on 11/27/2007 with a five-year sentence modified to youthful offender boot camp, and the state proceedings that were ultimately dismissed to pave the way for this federal prosecution.

Coleman successfully dealt with his state prison incarceration. As the PIR states, p. 33, ¶ 146:

> [Coleman] has attended substance abuse treatment programs both when he was in the custody of the Florida Department of Corrections, and in the community. He stated that he voluntarily attended Narcotic Anonymous (NA) meetings in Panama City, Florida. In addition, he attended CARE on his own, as an outpatient. He advised that this was when he was 19 years old, about six months prior to being sentenced to the Florida Department of Corrections. The state prison sentence consisted of a "Boot Camp," which he successfully completed. He received certificates of completion in programs involving criminal thinking awareness, life skills, Alcoholics Anonymous and anger management. The defendant completed these classes at the Sumter Correctional Institution in Bushnell, Florida. Due to his successful completion of the "boot camp" program, the defendant was only required to serve 11 months in custody of the original five-year imprisonment sentence.

On August 27, 2008, his sentence was modified by the trial court to probation, and on April 14, 2009, his probation was successfully terminated. *See* PIR, p. 26, ¶ 123.

The Defendant has had some trouble with marijuana dependency, having used it since he was 13 years of age and arriving at a usage of 10-15 cigars per day during the last year and a half of his freedom. PIR, p. 33, ¶ 145.

He is small in stature, 5'5", 135 pounds.

Coleman's family, girlfriend, and friends have offered thoughtful letters to the Court, expressing their reasons for believing that he is worthy of consideration for leniency, despite the admitted seriousness of his offenses. [Doc. 408-1].

**The 5K1.1 Motion**

The Government's substantial assistance motion empowers the Court to sentence Coleman below the mandatory minimum statutory sentences. 18 U.S.C. § 3553(e).[2]

The Court should do so. In this connection, the Court should consider the "double whammy" in sentencing enhancement posed by Count 8 (possession of firearm in furtherance of drug trafficking) and Count 9 (possession of firearm by felon) of the second superseding indictment. There is no suggestion in this case that Coleman actually

---

[2] **(e) Limited Authority To Impose a Sentence Below a Statutory Minimum.—** Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

used a firearm during the commission of any crime; the Taurus .38 was found attached to the refrigerator in his home. To suffer enhancement under both statutes, including a 60-month consecutive term, excessively punishes the actual conduct at issue in this case.

**§ 3553(a)(2) Factors**

The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant can be secured with a substantial downward departure or variance. Even at the low end of the unenhanced guidelines range, Coleman is looking at over 150 months, almost half of the lifetime he has lived. A sentence at or below that level would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. It would provide adequate deterrence to others' criminal conduct. And it would protect the public from further crimes of the Defendant, not only because of the length of time involved, but for two other distinct reasons.

First, people change. And young people change more than their elders. It is traceable in our law through Blackstone to Roman times, that people are presumed to change substantially in seven-year cycles; hence, the ancient distinctions in the criminal treatment of 7-, 14- and 21-year olds. Coleman will be a different person at the end of the reduced sentence proposed here. It is axiomatic that recidivism falls off with increased age.

7

Second, and more specifically, Coleman's undeniable cooperation and assistance to the Government in this and other cases marks an end to his contact with an unsavory criminal community. He has cut his ties and has an opportunity to forge new, noncriminal ones. And the criminal associations which have now ended for him are entirely local; he was never a regional or national operator, but simply a local boy gone wrong. There is every reason to believe the public need not fear future criminal activity from this quarter.

As to the need for this sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D), it is important to note that a sentence of 15 or 20 or 25 or more years, may moot the possibility of meaningful education, vocational, or correctional progress. Certainly, in view of his substance abuse history, this Defendant may benefit from any programs available for dealing with that, and those programs should be ordered or recommended. As the PIR notes, he has voluntarily entered such programs in the past.

**Kinds of sentences available**

Although the PIR notes the unavailability of a probationary component here under various statutes, we would submit that the Government's 5K1.1 motion, again, empowers the Court to make use of these alternatives to incarceration.

**Avoid unwarranted sentence disparities**

Coleman is the first person in this case to be sentenced. It is not possible at this point to consider disparities between him and his co-defendants. There is still a lively debate in the Circuits as to whether the criterion refers to disparities in general or in a specific case. Still, it is a natural concern of justice that those who are similarly situated be treated similarly, and that those whose offense is greater not be treated less harshly than those whose offense is less. We know that Coleman was not the largest fish in this pond, and that the Government was unstinting in its motion for substantial assistance. We know also that he is the youngest. We submit that any downward departure the Court is inclined to entertain based on all of the factors in this case would not create unwarranted sentence disparity. We submit that a lesser downward departure than may be accorded to some of the more leading members of this conspiracy might create such disparity.

## Restitution

Restitution is not a factor, as there is no identifiable victim. But Coleman did forfeit to the Government whatever fruits he retained, as earlier noted.

## SUMMARY

We move for a downward departure or variance based on all of the factors discussed above, but especially based on the Defendant's substantial assistance and his relatively young age and lack of experience. We ask the Court to sentence Coleman at the low end of the unenhanced guidelines range, or below, and to consider imposing a non-custodial sentence for at least half of the time imposed.

## CONCLUSION

For the foregoing reasons, Troy Anthony Coleman respectfully submits that a sentence of 75 months, to be followed by 60 months probation is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2012, I electronically filed the foregoing document, with the Clerk of the Court using CM/ECF.

          Respectfully submitted,

          STONE & SUTTON, P.A.

By: *s/ Michel L. Stone* .
     MICHEL L. STONE
     Florida Bar No.: 0256791
     116 East Fourth Street
     Panama City, Florida 32401
     Tel: (850) 785-7272
     Fax: (850) 785-7094
     Attorney for Defendant
     TROY ANTHONY COLEMAN