FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN

Page 1 of 8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

-vs-

**TROY ANTHONY COLEMAN**

Case # 5:12-cr-00005-RS-LB-11

USM # 21588-017

**Defendant's Attorney:**
**Michel Stone (Retained)**
**116 E. Fourth St.**
**Panama City, FL 32401**

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 1, 7, 8, 9 and 10 of the Indictment on August 9, 2012. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Five (5) Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine | May 2, 2012 | One |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) | Possess With Intent to Distribute a Detectable Amount of Cocaine | January 19, 2012 | Seven |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | January 19, 2012 | Eight |
| 18 U.S.C. § 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | January 19, 2012 | Nine |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) | Possess With Intent to Distribute Mixture and Substance containing Cocaine Base | May 2, 2012 | Ten |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this

Rec'd 11 09 12 UsDcFln 5PM 0439

district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
November 7, 2012

*[signature]*

RICHARD SMOAK
UNITED STATES DISTRICT JUDGE

November __9__, 2012

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN

Page 3 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **210 months. This term consists of terms of 168 months as to each of counts 1, 7 & 10; 120 months as to count 9, with all counts to run concurrently. The defendant shall serve an additional 42 months imprisonment as to count 8, to run consecutively to counts 1, 7, 9 and 10.**

The Court recommends to the Bureau of Prisons: that the defendant participate in the Residential Drug Abuse Program for the treatment of substance abuse

    The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

 

_____  
UNITED STATES MARSHAL

By:_____  
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN*

*Page 4 of 8*


*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN*

*Page 4 of 8*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Ten (10) years. This term consists of terms of Ten (10) years as to count 1, Six (6) years as to each of counts 7 and 10, Five (5) years as to count 8, and Three (3) years as to count 9, with all counts to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate

with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

15. The defendant shall not own or possess, either directly or constructively, a firearm, ammunition, a dangerous weapon or destructive device.

16. The defendant shall be evaluated for substance abuse and referred to treatment as determined necessary through an evaluation process. The defendant may be tested for the presence of illegal controlled substances or alcohol at any time during the term of supervision.

17. The defendant shall provide the probation officer all requested financial information, both business and personal.

18. Any unpaid portion of the fine shall be paid in monthly installments of not less than $100, to commence within three months of his release from imprisonment.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN*

*Page 6 of 8*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____         _____
Defendant                                                             Date


_____         _____
U.S. Probation Officer/Designated Witness           Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN*

*Page 7 of 8*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| **Special Monetary Assessment** | **Fine** | **Restitution** |
|---|---|---|
| $500 | $1,000 | N/A |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$500** is imposed, and is due immediately.

### FINE

A fine in the amount of **$1,000** is imposed, and is due immediately.
No restitution imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 8 of 8*
*5:12-cr-00005-RS-LB-11 - TROY ANTHONY COLEMAN*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties. All fines are due in full immediately.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States, as stipulated in the Supplemental Plea Agreement (doc. #306):

> **1997 Chevrolet 4-door passenger vehicle, bearing Florida registration "1190JX", VIN #1GNEC13R4VJ360099, seized on May 2, 2012; 2002 Chevrolet 4-door passenger vehicle, bearing Florida registration "R893NY", VIN #2G1WF55K129367507, seized on May 2, 2012; and $26,000 in United States currency.**